UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KHALID MOHAMMAD,<br><br>  Plaintiff,<br><br>  v.<br><br>THE KING CITY POLICE DEPARTMENT,<br><br>  Defendant. | Case No. 16-cv-02903-BLF<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION QUASH AND MOTION TO DISMISS WITH LEAVE TO AMEND AND (2) VACATING THE MOTION HEARING AND CASE MANAGEMENT CONFERENCE**<br><br>[Re: ECF 15] |

Plaintiff Khalid Mohammad, proceeding *pro se* and *in forma pauperis*, brings this civil rights action against the King City Police Department ("KCPD"). *See generally* First Am. Compl., ECF 11 (hereinafter "FAC"); ECF 12. Plaintiff alleges that KCPD officer Bobby Carrillo,[1] acting in his official capacity, arrested him on November 16, 2004, in King City, California. FAC ¶¶ 2, 7. He further alleges that he was incarcerated in California from that date until December 4, 2011, without prosecution, a court order, an underlying conviction, verdict of guilty, plea of guilty, finding of guilt, admission of guilt, and/or his consent. *Id.* ¶¶ 1, 4, 7. For this conduct, Plaintiff brings claims under California Government Code §§ 815–818.9[2] and 42 U.S.C. § 1983. *Id.* ¶ 4. As to the latter, Plaintiff seeks to hold KCPD liable "under the standard established by the United States Supreme Court in *Monell v. Department of Social Services*, 436 U.S. 658 (1978)," and for unlawful imprisonment in violation of the Fourteenth Amendment. *Id.*

KCPD, specially appearing through counsel, seeks to quash service of process and dismiss Mohammad's complaint without leave to amend pursuant to Fed. R. Civ. P. 12(b)(4), 12(b)(5),

---

[1] Officer Carrillo is not named as a defendant in this action.
[2] The Court construes Mohammad's reference to these sections of the California Government Code, which address the liability of public entities, as attempt to allege that Defendant is not immune from liability, rather than a separate cause of action.

and 12(b)(6). *See* Mot., ECF 15. Plaintiff did not file an opposition to Defendant's motion, and Defendant filed a notice of no opposition. ECF 20. For the reasons stated herein, KCPD's motion to quash service of process and to dismiss the FAC is GRANTED WITH LEAVE TO AMEND. Accordingly, the Court VACATES the motion hearing and case management conference scheduled for November 17, 2016.

## I. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Motion to Quash or Dismiss Pursuant to Rules 12(b)(4) and 12(b)(5)

The Court lacks jurisdiction over defendants who have not been properly served. *SEC v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Accordingly, Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) permit a court to dismiss an action for insufficiency of service of process. Fed. R. Civ. P. 12(b)(4)–(5). Rule 12(b)(4) enables the defendant to challenge the substance and form of the summons, and 12(b)(5) allows the defendant to attack the manner in which service was, or was not, attempted. When the validity of service is contested, the burden is on the plaintiff

to prove that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff is unable to satisfy this burden, the Court has the discretion to either dismiss the action or retain the action and quash the service of process. *Lowenthal v. Quicklegal, Inc.*, No. 16-cv-3237, 2016 WL 5462499, at *14 (N.D. Cal. Sept. 28, 2016). "Dismissals for defects in the form of summons are generally disfavored." *U.S.A. Nutrasource, Inc. v. CNA Ins. Co.*, 140 F. Supp. 2d 1049, 1052 (N.D. Cal. 2001).

## II. DISCUSSION

### A. Failure to State a Claim

Defendant seeks dismissal of this action on the ground that Mohammad's claim is barred by section 1983's two-year statute of limitations. Mot. 5. Plaintiff alleges that he was arrested on November 16, 2004, and was imprisoned from that date until December 4, 2011. FAC ¶ 1. Mohammad further alleges that KCPD "specifically via interrogations of the plaintiff," waived its statute of limitations defense. *Id.* ¶ 8. Defendant contends that there is no authority supporting Plaintiff's claim that it waived its right to assert a statute of limitations defense. Mot. 5.

Section 1983 takes its limitations period from the forum state's statute of limitations for personal injury torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which, in California, is two years. *Maldonado v. Harris*, 370 F.3d 945, 954–55 (9th Cir. 2004). A motion to dismiss based on the statute-of-limitations defense should be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980) (citation and internal quotation marks omitted).

Here, the alleged unlawful conduct ended December 4, 2011, nearly five years before Plaintiff filed suit. Plaintiff, in an attempt to address the statute of limitations issue, alleges that Defendant waived its statute of limitations defense "via interrogations of the plaintiff." While the Court construes this as Plaintiff's attempt to allege estoppel or tolling of the limitations period, it is insufficient. Plaintiff must allege facts relating to the timing of his filing or reasons for his delay. *See, e.g.*, *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) ("Where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the

3

1  limitations period may be appropriate."); *Dutro v. Cty. of Contra Costa*, No. 12-cv-2972, 2013
2  WL 544431, at *5 (N.D. Cal. Sept. 30, 2013) ("A public entity may be estopped from asserting the
3  limitations of the claims statute where its agents or employees have prevented or deterred the
4  filing of a timely claim by some affirmative act."). Because Plaintiff has not sufficiently alleged
5  facts supporting the application of tolling or estoppel, and because this deficiency may be curable
6  by amendment, Defendant's motion to dismiss for failure to state a claim is GRANTED WITH
7  LEAVE TO AMEND.

### B. Improper Service

KCPD also moves quash service of process. Mot. 4. According to Defendant, Plaintiff attempted to serve the FAC by mail service to the KCPD on or about August 9, 2016. Mot. 3. Defendant contends that this form of service was deficient as to the proper defendant, the City of King City, because service of summons on a public entity must be on the clerk, secretary, president, presiding officer, or other head of the governing body, or on the executive officer. *Id.* at 4 (citing Cal. Civ. Proc. Code § 416.50; Fed. R. Civ. P. 4(j)(2)(B)).

Plaintiff is proceeding *in forma pauperis*, and therefore service of his FAC was directed to be made by the U.S. Marshal. Fed. R. Civ. P. 4(c)(3). Service by the U.S. Marshal must meet the requirements set forth in Rule 4(e) in order to be effective. Plaintiff was required to submit to the U.S. Marshal a completed USM-285 form to effectuate service. Plaintiff apparently submitted a defective form, as he listed KCPD as the entity to be served rather than the City of King City. *See* ECF 21 (summons returned executed); *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (noting that the county is the proper defendant in a section 1983 municipal liability claim, not the sheriff's office). Because Plaintiff did not oppose Defendant's motion, Plaintiff has not met his burden to demonstrate that service was proper.

Courts are to broadly construe pleadings filed by pro se litigants and give such plaintiffs "the benefit of any doubt." *See, e.g.*, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). Nevertheless, even pro se litigants must comply with the Federal Rules of Civil Procedure. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of*

4

*Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds). The Court will therefore GRANT Defendant's motion to quash service under Rule 12(b)(5). However, Plaintiff will be given an opportunity to cure the service error.

The Court will also grant Plaintiff an extension of the 90-day service deadline set forth in Fed. R. Civ. P. 4(m). Courts have broad discretion to extend the time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). The service period contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). Indeed, "Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint[.]" *Mann v. Am. Airline*, 324 F.3d 1088, 1090 (9th Cir. 2003). Given that Plaintiff is proceeding pro se, the Rule 4(m) service deadline will be extended in order to afford him a second chance to properly effect service of process upon the proper defendant—the City of King City.[3]

If Plaintiff files a second amended complaint, he is advised to name the City of King City as the defendant so that service can be properly effectuated.

For the foregoing reasons, Defendant's motion to dismiss and quash service of process is GRANTED WITH LEAVE TO AMEND. Plaintiff must file any amended complaint on or before November 28, 2016. Failure to file an amended complaint will result in dismissal of the case. Additionally, the motion hearing and case management conference scheduled for November 17, 2016 is VACATED.

**IT IS SO ORDERED.**

Dated: October 27, 2016

BETH LABSON FREEMAN
United States District Judge

---

[3] Plaintiff only need serve the City of King City to the extent he files a second amended complaint.